Jeffrey H. Ochrach [SBN 131027]
**LAW OFFICES OF JEFFREY H. OCHRACH**
3001 Douglas Boulevard, Suite 220
Roseville, California   95661
Telephone:     916-784-1200
Facsimile:     916-784-7099

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| INTERLOC SOLUTIONS, INC. | Civil No. 2:07-CV-01534-LEW-GGH |
| Plaintiff | MOTION FOR TEMPORARY RESTRAINING ORDER |
| vs. | Date: |
| | Time: |
| TECHNOLOGY ASSOCIATES INTERNATIONAL CORPORATION, | Ctrm: |
| WALT OLESKY, CHARLES JOHNSON, CHRIS RHODES, MICHAEL NUTT and | *[Assigned to the Honorable Ronald S.W. Lew, Sr.]* |
| DOES 1 THROUGH 10, inclusive, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure, Rule 65(b), Local Rules of the United States District Court for the Eastern District of California, Plaintiff Interloc Solutions, Inc. moves this court for issuance of a temporary restraining order against Defendants Technology Associates International Corporation (TAIC),  Walt Olesky, Charles Johnson, Chris Rhodes, and Michael Nutt pending trial in this case.  This motion will be heard in Courtroom __ of the United States District Court for the Eastern District of California, located at 503 I Street,  Sacramento, California at _____a.m./p.m.  on July __, 2007.

Plaintiff seeks an order from this Court requiring Defendants to return to Plaintiff all unauthorized downloaded information that Defendants obtained from Plaintiff's computer file server between July 13, 2007, and July 16, 2007, inclusive, and enjoining Defendants from further use of any of this data.

1    Plaintiff further seeks an order restraining and enjoining Defendants from disclosing or

2  using any of Plaintiff's trade secrets or other proprietary information, including

3    (a)    Plaintiff's human resources information,

4    (b)    Plaintiff's proposals to customers, which includes pricing, win themes, methods,

5          project plans and other information,

6    (c)    methodologies,

7    (d)    software products for the product developed by Interloc, including the Mobility

8          Solution for MAXIMO and associated documentation,

9    (e)    Other software products including GIS Integrator for MAXIMO and associated

10          documentation,

11    (f)    Customer presentations,

12    (g)     marketing materials,

13    (h)    applications for government awards,

14    (i)    documentation on customer projects,

15    (j)    proprietary contracts, and

16    (k)    internal process documentation.

17    Plaintiff further moves this Court for a temporary restraining order against Defendants

18  restraining and enjoining them from communicating with Interloc's current employees pending

19  disposition of this case.

20    Plaintiff further moves this Court for a temporary restraining order against Defendants

21  restraining and enjoining them from communicating with Interloc's customers.

22    The grounds for this motion include Defendants' violation of the Computer Fraud and

23  Abuse Act, 18 U.S.C. Section 1030(a)(4), (g) and 1030(a)(5)(B)(i), (g), for misappropriation of

24  Plaintiff's trade secrets under California Civil Code section 3426 et seq., and common law, for

25  breach of confidence, breach of fiduciary duty, breach of the duty of loyalty, fraud, conversion,

26  intentional interference with contractual relations, intentional interference with economic

27  relations, and unfair competition, and that Plaintiff will suffer irreparable injury in the absence of

28  a restraining order.  This application is based on the accompanying memorandum of points and

1  authorities in support of the temporary restraining order, the declarations of Erik Greene, Jason

2  VenHuizen, Jim Charboneau, Michael Watson, David Dawson, Manual Barandas, Rohith

3  Ramamurphy, and Jeffrey Ochrach, the pleadings, papers, records and files in this action, and on

4  such further oral and documentary evidence as may be presented at the hearing on the

5  application.

6      Plaintiff's counsel notified defendant Nutt on July 30, 2007, at approximately 8:00 am.

7  Plaintiff's counsel left voice mail messages for each of the other defendants at about the same

8  time.  In the direct conversation with Mr. Nutt and in the voice mail messages, Plaintiff's counsel

9  notified defendants of the pendency of this action, Plaintiff's request for a TRO, and that the

10  TRO would likely be heard immediately.  Plaintiff's counsel suggested to each defendant that

11  counsel should be informed.  No previous application for a temporary restraining order has been

12  made in this case.

13

14  Dated: July 30, 2007                                   Law Offices of Jeffrey H. Ochrach

15

16                                                         Jeffrey H. Ochrach
                                                           Attorney for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28