# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERLOC SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TECHNOLOGY ASSOCIATES INTERNATIONAL CORPORATION, WALT OLESKY, CHARLES JOHNSON, CHRIS RHODES, MICHAEL NUTT and DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CV 07-1534 LEW (GGH) <br><br> **ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

Plaintiff Interloc Solutions, Inc. filed a Motion for Temporary Restraining Order on July 30, 2007.  Having considered the papers submitted on the issue, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

1    Plaintiff has presented evidence that Defendants have
2 improperly obtained Plaintiff's computer files containing
3 Plaintiff's confidential, proprietary information and trade
4 secrets.  Defendants' possession of these materials is
5 allegedly injuring Plaintiff's competitive edge with its
6 customers.  Plaintiff's evidence further indicates that
7 Defendants are continuing to improperly contact Plaintiff's
8 current employees.  At least one additional employee has
9 left Plaintiff to work for Defendant Technology Associates
10 International Corporation, since Defendants Johnson, Rhodes
11 and Nutt left.

13    The evidence before the court indicates a high
14 probability of success on the merits in establishing
15 Plaintiff's causes of action under the Computer Fraud and
16 Abuse Act, 18 U.S.C. Sections 1030(a)(4), (g) and
17 1030(a)(5)(B)(I), (g), misappropriation of trade secrets
18 under California Civil Code Section 3426 *et seq.*, and common
19 law, breach of confidence, breach of fiduciary duty, breach
20 of the duty of loyalty, fraud, conversion, intentional
21 interference with contractual relations, intentional
22 interference with economic relations, and unfair
23 competition.

25    Plaintiff has also provided substantial evidence that
26 it is suffering, and will continue to suffer, irreparable
27 harm absent a restraining order.  In contrast, compliance
28 with the restraining order will only move Defendants back

toward the status quo ante the occurrence of the events that gave rise to this motion.  Given these considerations, the balance of equities favors granting the motion.

**IT IS HEREBY ORDERED THAT:**

The Motion For Temporary Restraining Order is GRANTED as follows:

Defendants are ENJOINED to return to Plaintiff all data and information that Defendants obtained from Plaintiff's computer between July 13, 2007 and July 16, 2007, and any copies Defendants may have made from them.  Defendants must deliver these files in any and all forms, including copies of any and all parts, to Plaintiff by August 9, 2007. Defendants must thereafter immediately permanently delete and destroy all copies remaining on any computer systems, discs, hard drives, etc.

Defendants are FURTHER ENJOINED from using or disclosing any of the information contained in the downloaded information or on the Interloc laptops.

**IT IS FURTHER ORDERED THAT:**

Defendants are RESTRAINED AND ENJOINED from communicating by any means, including, but not limited to, communication in person, in writing, by telephone, e-mail, voice-mail, text-message or any other electronic communication, with any of Interloc's current employees

1  pending disposition of this case.

3  **IT IS FURTHER ORDERED THAT:**

4  Defendants are RESTRAINED AND ENJOINED from communicating with Interloc's current and prospective customers, including all customers with whom Interloc has begun communicating as of the date of this Order.

9  This ORDER was granted without notice and without the usual time allotted for motions for preliminary injunction because of the seriousness of the irreparable injury, because Plaintiff has been continuing to suffer more injury before the hearing on this motion, and because Plaintiff's counsel made several good faith, but unsuccessful, attempts to reach Defendants.

17  This Court has considered whether Plaintiff will be ordered to post a bond pursuant to Local Rule 65.1-151 and 65-231 and concludes no bond is required.

21  This Order was issued on August 7, 2007, at 1:15 p.m., and will expire within ten days, unless extended by order of the Court or by consent of the parties.  Defendants may apply for a modification or dissolution of this order on two court day's notice, by personal service or other.

27  The hearing on the motion for preliminary injunction will be held on August 17, 2007 at 10:00 a.m.

1    Defendants' responsive papers are due on August 13,
2 2007.  Plaintiff's papers are due on August 15, 2007.
3
4 **IT IS SO ORDERED.**
5
6 _____
7    **HONORABLE RONALD S.W. LEW**
8    Senior, U.S. District Judge
9
10
11 DATED:   August 7, 2007

5