UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERLOC SOLUTIONS, INC., | CV 07-1534 LEW (GGH) |
| Plaintiff, | **ORDER MODIFYING TEMPORARY RESTRAINING ORDER** |
| v. | |
| TECHNOLOGY ASSOCIATES INTERNATIONAL CORPORATION, WALT OLESKY, CHARLES JOHNSON, CHRIS RHODES, MICHAEL NUTT and DOES 1 THROUGH 10, inclusive, | |
| Defendants. | |

On August 7, 2007, the Court issued a Temporary Restraining Order without notice. Defendants Technology Associates International Corporation ("TAIC") and Walt Olesky filed a Motion to Vacate or Modify the Order on August 10, 2007. Having considered the papers submitted on the issue, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

1

Defendants TAIC and Walt Olesky's Motion to Vacate or Modify the Temporary Restraining Order is **GRANTED IN PART AND DENIED IN PART**.

Defendants TAIC and Walt Olesky's Motion to Vacate the Temporary Restraining Order is **DENIED**.  Plaintiff has presented evidence indicating a probability of success on the merits of at least Plaintiff's causes of action under the Computer Fraud and Abuse Act, 18 U.S.C. Sections 1030(a)(4), (g) and 1030(a)(5)(B)(I), (g), and misappropriation of trade secrets under California Civil Code Section 3426 *et seq.*.  More importantly, Plaintiff has also provided substantial evidence that it is suffering, and will continue to suffer, irreparable harm absent a restraining order.

Plaintiff has presented evidence that certain Defendants have improperly obtained Plaintiff's computer files containing Plaintiff's confidential, proprietary information and trade secrets.  Defendants' possession and potential misuse of these materials is allegedly injuring Plaintiff's competitive edge with its customers. Additionally, any public disclosure of the information may threaten Plaintiff's property interest in its trade secrets. The Court currently has insufficient evidence to consider whether Defendants TAIC and Olesky would inappropriately suffer any hardship by being included in this action.  Given that the balance of hardships tips sharply in Plaintiff's

2

favor, the Temporary Restraining Order continues to be warranted.

However, Defendants TAIC and Walt Olesky's Motion to Modify the Temporary Restraining Order is **GRANTED IN PART**. Therefore, the Temporary Restraining Order should be modified as follows:

Defendants are **ENJOINED** to return to Plaintiff all data and information that Defendants obtained from Plaintiff's computer between July 13, 2007 and July 16, 2007, and any copies Defendants may have made from them.  Defendants must have delivered these files in any and all forms, including copies of any and all parts, to Plaintiff by August 9, 2007. Defendants must thereafter immediately permanently delete and destroy all copies remaining on any computer systems, discs, hard drives, etc.

Defendants are **FURTHER ENJOINED** from using or disclosing any of the information contained in the downloaded information or on the Interloc Solutions, Inc. laptops.

Defendants are **FURTHER ENJOINED** from assertively communicating with Plaintiff Interloc's current customers regarding contracts for which Interloc and TAIC directly compete.  However, any communications in response to those initiated by Plaintiff's customers are outside the scope of

this order.  Likewise, customers and suppliers common to both Plaintiff and Defendant TAIC are excluded.  Plaintiff shall supply an affidavit to Defendants and the Court outlining a complete and accurate list of Plaintiff's current customers subject to this Order.

   Given the additional information provided by Defendants TAIC and Olesky, the Court ORDERS Plaintiff to post a bond in the amount of $5,000 pursuant to Eastern District Local Rules 65.1-151 and 65-231.

   This Order was issued on August 14, 2007, at 12:00 p.m., and will expire within ten days, unless extended by order of the Court or by consent of the parties.

   The parties are reminded that the hearing on the motion for preliminary injunction will be held on August 17, 2007 at 10:00 a.m.

**IT IS SO ORDERED.**

*[signature: Ronald S.W. Lew]*

**RONALD S.W. LEW**
Senior U.S. District Judge

DATED:   August 14, 2007

4