**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INTERLOC SOLUTIONS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> TECHNOLOGY ASSOCIATES INTERNATIONAL CORPORATION, WALT OLESKY, CHARLES JOHNSON, CHRIS RHODES, MICHAEL NUTT and DOES 1 THROUGH 10, inclusive, <br><br>  Defendants. | CV 07-1534 LEW (GGHx) <br><br> **ORDER GRANTING PRELIMINARY INJUNCTION** |

On August 7, 2007, the Court issued a Temporary Restraining Order ("TRO") without notice. On August 14, 2007, the Court Modified the TRO upon Defendant Technology Associates International Corporation ("TAIC") and Defendant

1

Walt Olesky's Motion.  The Motion for Preliminary Injunction came before hearing on August 17, 2007.  Having considered the papers and argument submitted on the issue, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

As a preliminary matter, pursuant to Federal Rule of Civil Procedure 65(a)(1), this Order shall not apply to Defendant Charles Johnson as an individual defendant until he has been given an opportunity to be heard.  This Order may be modified to include him when and if appropriate.

The Court finds that Plaintiff has demonstrated a sufficient likelihood of success as to at least its misappropriation of trade secrets and unfair competition claims, as well as its common law claim for intentional interference with prospective economic advantage.[1]  Likewise, Plaintiff has established a threat of sufficient harm should an injunction not be issued.  On balance, the potential harm to Defendants' livelihoods and businesses is addressed in the scope of this Order, and does not outweigh the hardship facing Plaintiff.  Plaintiff's Motion for Preliminary Injunction is **GRANTED** based on the Court's consideration of these factors.  See Stuhlbarg Int'l Sales Co. v. Brush & Co., 240 F.3d 832, 839-40 (9th Cir. 2001).

---

[1] Based on the merits of these claims, the Court declines to address the remaining claims for for breach of fiduciary duty, breach of confidence, breach of duty of loyalty, fraud, and conversion.

1    Regarding the misappropriation of trade secrets claim
2 under the Uniform Trade Secrets Act, Plaintiff has shown a
3 likelihood of success in proving that at least the
4 information on the SugarCRM database, if not the totality of
5 the customer information downloaded or obtained from
6 Plaintiff's computers and laptops, has economic value
7 derived from not being known to competitors.  See ABBA
8 Rubber Co. v. Seaquist, 235 Cal. App. 3d 1, 19, 21 (1991).
9 Through the expenditure of considerable time and money,
10 Plaintiff has developed customer information beyond that of
11 mere contact information.  See, e.g. Morlife, Inc. v. Perry,
12 56 Cal. App. 4th 1514, 1523 (1997).

14    Plaintiff has also shown probable success in proving
15 Defendants acquired, disclosed, or used Plaintiff's
16 protected information through improper means.  For example,
17 in addition to the quantity of information and software
18 downloaded by various Defendants, the "TAIC Start Up List"
19 created by and shared between Defendants Johnson, Nutt, and
20 Rhodes raises a strong inference of such improper conduct.
21 [See Greene Aff. Ex. A].  An actual or threatened
22 misappropriation may be enjoined.  Cal. Civ. Code §
23 3426.2(a).

25    Likewise, while Defendants TAIC and Olesky do not
26 appear to have actively acquired trade secret information,
27 they remain included in this Order by association for having
28 allegedly cooperated in and reaped the benefits of the other

3

Defendants' midsconduct.  See PMC, Inc. v. Kadisha, 78 Cal. App. 4th 1368, 1383-84 (2000).  Misappropriation includes disclosure or use of a trade secret by one who knows or has reason to know that the knowledge was "(i) Derived from or through a person who had utilized improper means to acquire it; (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Cal Civ Code §3426.1(b)(2)(B) (i)-(iii).

 Defendants should note that acts of solicitation may be considered "use" or "misappropriation" of trade secrets. American Credit Indemnity Co. v. Sacks, 213 Cal App. 3d 622, 625 (1989).  While Defendants may announce their new affiliation with a new employer, they may not actively solicit Plaintiff's customers using any protected information.  Id. at 636; see also, Reeves v. Hanlon, 33 Cal. 4th 1140, 1156 (2004)(using trade secret client data to directly solicit clients violated the Uniform Trade Secrets Act).

 Likewise, solicitation of Plaintiff's current employees through use of trade secret information downloaded or obtained from Plaintiff's computers and laptops would be improper.  However, the employees are not precluded from seeking new employment on their own initiative.  See Reeves, 33 Cal. 4th at 1151 ("The interests of the employee in his

4

1  own mobility and betterment are deemed paramount to the
2  competitive business interests of the employers, where
3  neither the employee nor his new employer has committed any
4  illegal act accompanying the employment change.")

6      Additionally, a competitor may be held liable under an
7  intentional interference with prospective economic advantage
8  theory for inducing an at-will employee to leave an employer
9  if that party engaged in an independently wrongful act in
10 the inducement.  Id. at 1152-53.  In addition to the use of
11 trade secrets in any inducement of Plaintiff's current
12 employees, unlawful remarks concerning Plaintiff, its
13 employees, or agents may also constitute wrongful acts.
14 Communication with Plaintiff's current employees based on
15 personal relationships is not prohibited.

17     Further, unfair competition claims may be premised on
18 misappropriation of trade secrets or intentional
19 interference with prospective economic advantage claims.
20 Balboa Ins. Co. v. Trans Global Equities, 218 Cal. App. 3d
21 1327, 1341-42 (1990).

23 Therefore, **IT IS HEREBY ORDERED THAT:**

25     Defendants are **ENJOINED** to return to Plaintiff all data
26 and information that Defendants obtained from Plaintiff's
27 computer between July 13, 2007 and July 16, 2007, and any
28 copies Defendants may have made from them.  Defendants must

5

have delivered these files in any and all forms, including copies of any and all parts, to Plaintiff by August 9, 2007. Defendants must thereafter immediately permanently delete and destroy all copies remaining on any computer systems, discs, hard drives, etc.

Defendants are **FURTHER ENJOINED** from using or disclosing any of the information contained in the downloaded information or on the Interloc Solutions, Inc. laptops, to the extent that information is not readily accessible.

Defendants are **FURTHER ENJOINED** from assertively communicating with Plaintiff Interloc's current customers regarding contracts for which Interloc and TAIC directly compete.[2]  However, any communications in response to those initiated by Plaintiff's customers are outside the scope of this order.  Likewise, customers common to both Plaintiff and Defendant TAIC are excluded.

The Court is in receipt of Plaintiff's August 16, 2007 Statement of Deposit of the $5,000 bond requirement previously ordered by the Court pursuant to Eastern District Local Rules 65.1-151 and 65-231.

---

[2] Plaintiff submitted a list of current customers, UNDER SEAL, which was to be disclosed to Defendants for the sole purpose of complying with this Order.  [See Docket Number 29].

1 | This Order will expire after final judgment, unless
2 | shortened or modified by order of the Court or by consent of
3 | the parties.

**IT IS SO ORDERED.**

_____
**RONALD S.W. LEW**
Senior U.S. District Judge

DATED:   August 23, 2007