IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTERLOC SOLUTIONS, INC.,

    Plaintiff,                                CIV. NO. S-07-1534 LEW GGH

    vs.

TECHNOLOGY ASSOCIATES
INTERNATIONAL CORPORATION, et al.,

    Defendants.                            SUMMARY ORDER
_____/

        Previously pending on this court's law and motion calendar for December 6, 2007, was defendants Technology Associates International Corporation's ("TAIC") and Walt Oleski's motion to compel discovery, filed November 5, 2007. Diana Craig appeared for defendants. Jeffrey Ochrach appeared for plaintiff. Having reviewed the joint statement and heard oral argument, the court now issues the following summary order.

        1. Interloc shall produce a spreadsheet, as discussed at hearing, which sets forth, on a monthly basis, all income received from all services and all products of the 34 entities identified in previous pleadings, with a breakdown for each of these categories, for one year prior to the date the complaint was filed until the end of August, 2007. The spreadsheet shall specify which transactions involve indirect business relationships with customers. This spreadsheet is not subject to a protective order, and shall be produced by January 15, 2008.

2.  Interloc shall also produce evidence of *all* contracts with the 34 entities with which it maintains it has current relationships, including evidence indicating any termination of a relationship, for the period from one year prior to the filing of the complaint until the end of August, 2007.  These documents shall be produced in unredacted format.  Interloc and TAIC may then meet and confer regarding possible redactions.  Production shall be subject to the protective order discussed at hearing.[1]  These documents shall be produced forthwith, and the protective order shall be filed forthwith.

3.  The parties shall meet and confer in order to produce a final stipulated protective order which makes provisions for TAIC, et al., counsel to be able to adequately represent her clients in regard to these issues, and shall return to court in January, 2008 only if they are unable to resolve their differences.

4.  Interloc shall produce its privilege log forthwith.

5.  The deposition of Interloc's person most knowledgeable (Rule 30(b)(6)) shall be taken after January 15, 2008, and by January 31, 2008.

6.  The court finds that both parties were substantially justified in their positions.  Therefore, TAIC's request for sanctions is denied.

7.  The motion to compel discovery, filed by defendants TAIC and Oleski on November 5, 2007, is granted in part pursuant to the terms set forth herein, and denied in part without prejudice to its renewal if responses to the currently ordered discovery is not satisfactory.

IT IS SO ORDERED.

DATED: 12/11/07                                 /s/ Gregory G. Hollows
                                                U.S. Magistrate Judge

GGH:076:Interloc1534.dsy.wpd

---

[1] The court heard the parties regarding the protective order, and especially the issue of whether TAIC's counsel would be compelled to make an ex parte application to the court every time its counsel wished to discuss confidential information with TAIC personnel.  For the interim, this provision was deleted, and replaced with a temporary "attorneys' eyes only" provision.  Counsel for Interloc was admonished to specify documents as "attorneys' eyes only" only as truly necessary.

2